IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| LOGAN MORRIS, )<br>    Plaintiff, )<br> )<br>v. )<br> )<br>E&S AUTO SALES REPAIR INC., et al., )<br>    Defendants. ) | No. 2:25-cv-02513-SHL-tmp |

**ORDER GRANTING PLAINTIFF'S CONSENT MOTION FOR NUNC
PRO TUNC APPROVAL OF ALTERNATE SERVICE OF PROCESS ON
DEFENDANT VISION TOWING AND RECOVERY**

Plaintiff Logan Morris seeks a nunc pro tunc order approving service of process on Defendant Vision Towing and Recovery through email and certified mail. (ECF No. 17.) Defendant E&S Auto Sales Repair Inc. does not oppose the motion. (Id. at PageID 69.) For good cause shown, the motion is **GRANTED**.

Morris filed suit against E&S Auto and Vision Towing for alleged violations of the Servicemembers Civil Relief Act and the Fair Debt Collections Practices Act. (Id. at PageID 65.) He asserts that E&S Auto hired Vision Towing to repossess his vehicle while he was on active duty in the military and thus protected from repossession. (Id.) Morris successfully served E&S Auto on May 21, but he has been unable to serve Vision Towing—it has no website, it does not advertise its physical address online, it is not listed as a registered business on the Tennessee Secretary of State's website, and it does not have a registered agent. (Id. at PageID 65–66.) Morris states that he has been "effectively stumped" on how to serve an entity he cannot locate. (Id. at PageID 66.)

As a last resort, Morris contacted E&S Auto to inquire about how it communicated with Vision Towing. (Id.) E&S Auto could not locate a physical address, but it provided a phone number and the name of its contact at the company, Shawn. (Id.) On August 6, Morris's counsel called the number provided and spoke with Shawn, who identified himself as the owner of Vision Towing. (Id. at PageID 66–67.) After informing Shawn about the lawsuit, Morris's counsel asked him how he would like to receive a copy of the complaint. (Id. at PageID 66.) Shawn provided his email address, drepoman2008@gmail.com, and a mailing address, 1683 Parktown Place, Memphis, Tennessee 38104. (Id.) In return, he asked for the contact information for E&S Auto's counsel. (Id.)

That same day, Morris emailed a copy of the complaint to Shawn and provided him with defense counsel's contact information. (Id. at PageID 67; ECF No. 17-1 at PageID 71.) Morris then hired a private process server who attempted to serve Vision Towing at the physical address Shawn provided. (Id.) But Shawn refused to accept service—he told the process server that his attorney told him "not to take the documents" because "he sold the company." (ECF No. 17-2 at PageID 84.) As a result of Shawn's refusal to accept service, Morris mailed a summons and a copy of the complaint to Vision Towing through certified mail. (ECF No. 17 at PageID 67.) He now requests entry of a nunc pro tunc order authorizing service through email and certified mail because he has no other way of contacting Vision Towing. (Id.)

Federal Rule of Civil Procedure 4(h) permits service on a corporation in the same manner as service on an individual. An individual may be served in accordance with the law of the state in which service is effectuated. Fed. R. Civ. P. 4(e)(1). In Tennessee, a defendant may be served with the summons and complaint by certified mail. Tenn. R. Civ. P. 4.04(10). To the

extent that Morris requests the Court's nunc pro tunc approval to serve Vision Towing in a manner the law already authorizes, approval is not necessary, but it is nevertheless **GRANTED**.

Morris also requests nunc pro tunc approval to serve Vision Towing through email. The Court has discretion to allow service through email "unless it clearly appears that material prejudice would result to the substantial rights of" Vision Towing. See Tenn. R. Civ. P. 4.09. Service of process "must also comport with constitutional notions of due process." Popular Enters., LLC v. Webcom Media Grp., Inc., 225 F.R.D. 560, 561 (E.D. Tenn. 2004). Due process requires that service be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Id. (quoting Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950)). "In proper circumstances, this broad constitutional principle unshackles the federal courts from anachronistic methods of service and permits them entry into the technological renaissance." Rio Properties, Inc. v. Rio Intern. Interlink, 284 F.3d 1007, 1017 (6th Cir. 2002) (permitting service via email).

Morris has shown that, under the circumstances, email is one of the few methods of contacting Vision Towing. Indeed, the owner of Vision Towing specifically asked Morris to send a copy of the complaint to him at his email address. It is unlikely that he provided a false email address because he also requested that Morris's counsel provide defense counsel's contact information, and Morris's counsel did not receive a notification that his email was undeliverable. (ECF No. 17 at PageID 67.) Moreover, Vision Towing's substantial rights would not be prejudiced by this method of service—it is already aware of the existence of the lawsuit and its owner refused service of process in person. When faced with a defendant "playing hide-and-

seek with the federal court, email may be the only means of effecting service of process." See Rio Properties, 824 F.3d at 1018.

Morris has shown that service through email would be reasonably calculated to give notice to Vision Towing and afford it an opportunity to respond. Thus, Morris's motion is **GRANTED**. However, Morris is reminded that, to effectuate service, he must serve a summons with a copy of the complaint. It is unclear whether he served a summons in the email sent on August 12—if he did not, then this Court's nunc pro tunc approval of that method of service would have no effect. To complete service by email, the summons and complaint should be re-sent.

**IT IS SO ORDERED,** this 14th day of August, 2025.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE